IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BELINDA HILBURN, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:19-03436-CV-RK |
| ANDREW M. SAUL, COMMISSIONER OF SSA; | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

### Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis in her right knee; status post knee replacement; obesity; status post right elbow fracture; ulnar neuropathy in her right upper extremity; status post nerve transposition; status post right ankle fracture; osteoporosis; Dupuytren's contracture in her right hand; degenerative joint disease in her right shoulder; bicep tendonitis in her right upper extremity; Baker's cyst in her left knee; and a medial meniscus tear in her left knee, status post arthroscopy. Plaintiff's injuries to her right ankle and right upper extremity were caused by a slip and fall in June 2016. The ALJ also determined that Plaintiff has the following non-severe impairments: hypertension; hiatal hernia; hyperlipidemia; diverticulosis; vitamin D deficiency; elevated parathyroid hormone; anxiety; and depression. The ALJ found that Plaintiff's diverticulosis and hiatal hernia are non-severe because their symptoms are generally controlled by a regimen of a stool softener, increased fiber, and omeprazole. Next, the ALJ found that Plaintiff's vitamin D deficiency and elevated levels of parathyroid hormone are non-severe because they do not cause ongoing functional limitations. Last, the ALJ found that Plaintiff's mental conditions of anxiety and depression are non-severe because they cause no more than minimal limitations on her ability to perform basic work activities.[1] The ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). The ALJ noted that she considered listing: 1.02 (major dysfunction of a joint); 1.03 (reconstructive surgery or surgical arthrodesis of a major weight bearing joint); and 11.14 (peripheral neuropathy). However, the ALJ found a lack of objective evidence sufficient to establish any of these listings. The ALJ found that, despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work as a customer complaint clerk.

On appeal, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (Doc. 5, 8). Plaintiff contends the evidence supports a finding that the Plaintiff faces

---

[1] Specifically, the ALJ found the Plaintiff had at most mild limitations in the mental functioning areas of: 1) understanding, remembering, or applying information; 2) concentrating, persisting, or maintaining pace; and 3) adapting or managing oneself. The ALJ found no functional limitation in the mental function area of interacting with others.

2

limitations greater than those assessed by the ALJ. (*Id.* at 18.) Plaintiff argues the evidence shows she in unable to work full-time. (*Id*.) The ALJ found Plaintiff's subjective reports of her symptoms inconsistent with the objective evidence. (Tr. 32.) Plaintiff argues the ALJ erred by not specifying what kind of objective evidence would be consistent with Plaintiff's reported symptoms and by reaching conclusions inconsistent with Plaintiff's medical records. (Docs. 5, 11.)

Plaintiff's argument that ALJ erred by not describing what kind of evidence would be consistent with Plaintiff's reported subjective symptoms is without merit. In support of her argument, Plaintiff cites to *Putnam v. Colvin*, 2014 WL 5320947, *4 (W.D. Mo. Oct. 17, 2014). In *Putnam*, the District Court found error when the ALJ found that the plaintiff's treating physician misinterpreted the evidence about the plaintiff's condition. *Id.* There, the ALJ found that the treating physician's opinion was inconsistent with the clinical and laboratory results the physician examined and evaluated. *Id.* The District court found: "The ALJ did not identify what types of significant clinical and laboratory abnormalities would have been sufficient to discount Dr. Click's opinion and appears to have substituted his own opinion for that of Dr. Click's." *Id. Putnam* stands for the principle that an ALJ may not arbitrarily substitute his or her own reading of the evidence reviewed by the plaintiff's treating physician for the physician's reading of the evidence. Here, Plaintiff's brief stretches that principle to suggest that wherever an ALJ finds insufficient evidence to support a finding of disability, the ALJ must then recite the sort of evidence which would establish disability. This court declines to interpret principle in *Putnam* so expansively. *See Swope v. Comm'r of SSA*, 2020 WL 616168, at *4 (W.D. Mo. Feb. 10, 2020) ("[T]he ALJ did not substitute his opinion for that of a doctor, but rather found inconsistencies between the objective medical evidence and Plaintiff's subjective complaints. Such analysis was proper, and nothing more was required.")

Plaintiff next argues the ALJ's determination that Plaintiff's surgeries were mostly successful is inconsistent with the medical records. (Doc. 5, 12.) However, substantial evidence supports the ALJ's finding. After Plaintiff's surgeries, Plaintiff demonstrated normal gait and station, adequate muscle strength and tone, and a normal range of motion in her extremities. (Tr. 34, 945, 977, 987.) She demonstrated normal sensation, full muscle strength, and improved grip strength after her right hand and elbow surgeries. (Tr. 34, 676, 6797, 807.) Plaintiff specifically points to her treating physician's report that her right ulnar condition is a "very severe disease" and "it is likely that she will always have a significant degree of ulnar neuropathy, and I would not

3

expect dramatic return of function to normal at any point in the future." (Doc. 5, 12.); (Tr. at 657-58.) Plaintiff's argument fails here. The ALJ did not write that Plaintiff's surgeries left her without any remaining impairments. To the contrary, the ALJ listed several ongoing severe impairments. Specifically, Plaintiff argues her ulnar neuropathy is a serious and ongoing condition. (Tr. 27-28.) But, the ALJ made no contrary finding. Quite the opposite, the ALJ included ulnar neuropathy in the right upper extremity on the ALJ's list of the Plaintiff's severe impediments. (Tr. 27.) Further, the ALJ accounted for that impediment, and the others, by finding that the Plaintiff faced considerable limitations in what work she could perform. (Tr. 31.)

Next, Plaintiff disputes the ALJ's assertion that Plaintiff's conservative course of treatment belies her subjective reports. (Tr. 34.) Plaintiff points out that she underwent major surgeries, two rounds of occupational therapy, and a Medrol injection. (Doc. 5, 12.) Further, Plaintiff notes she takes Gabapentin for nerve pain and it remains unlikely she will fully recover from her nerve impediment. (*Id.* at 13.) Plaintiff's argument fails here because, while Plaintiff once needed major surgeries and other non-conservative treatment, the ALJ's position was that Plaintiff's current conservative treatment regimen suggests she is not disabled, not that the Plaintiff never had or needed invasive treatments. (Tr. 34.) The ALJ's decision reflects that Plaintiff was severely impaired in the immediate aftermath of her slip and fall, but that her impairments were not completely debilitating for at least a year. (Tr. 36.)

Plaintiff next objects to the ALJ's weighing of the medical and lay opinions presented. (Doc. 5, 13.) Specifically, Plaintiff argues the ALJ erred by not giving appropriate weight to lay opinions discussing specific functional limitations. (*Id.*) Plaintiff acknowledges that the ALJ gave greater weight to the opinions of Plaintiff's treating orthopedists, but argues that these opinions do not support the specific functional limitation findings made by the ALJ. (*Id.*) This Court may not reweigh evidence, and it will defer to an ALJ's credibility determination if they are supported by good reasons and substantial evidence. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014).[2] Here, the ALJ provided good reasons for her weight and credibility determinations, and those determinations were supported by substantial evidence.

The ALJ gave weight to the opinions of Plaintiff's orthopedic surgeon, Dr. Brian Buck. (Tr. 35.) Dr. Buck opined that Plaintiff should never reach above her shoulder, grasp, or

---

[2] Because this claim was filed before March 27, 2017, the procedures in 20 C.F.R. § 404.1527 govern.

manipulate objects. (*Id.*) However, Dr. Buck stated that she would likely have a full recovery within six to twelve months. (*Id.*) The ALJ therefore gave the severe restrictions described by Dr. Buck little weight because of their temporary nature. (*Id.*) Dr. Buck also stated that Plaintiff was free to go back to work and that, if she did return to work, her major issue would be with using her right hand. (*Id.*) The ALJ gave this portion of Dr. Buck's opinion more weight because it is consistent with the substantial objective evidence indicating that, although limited, the Plaintiff remains able to perform light work. (*Id.*)

The ALJ also gave some weight to the opinion of Dr. Erin Greer, the Plaintiff's orthopedist. (*Id.*) Dr. Greer opined that the Plaintiff would suffer some permanent disability in her right upper extremity, but that "activities as tolerated are not expected to cause additional harm, and should be acceptable." (*Id.*) The ALJ found Dr. Greer's opinion consistent with the record as whole in that it suggests that the Plaintiff suffers from limitations, but not complete disability. (*Id.*)

The opinions of Brandon Lane, a physical therapist, were given little weight because the opinions of physical therapists are not acceptable medical sources. 20 C.F.R. 404.1527(f); (Tr. 36.) However, Lane's objective observations were given more weight. (*Id.*) Lane observed that Plaintiff had normal strength and generally normal range of motion in her upper extremities and that she could perform tasks requiring gross and fine coordination and could occasionally perform tasks requiring grasping. (*Id.*) He also observed that Plaintiff could walk without an assistive device and stride in pattern with a non-antalgic gait. (*Id.*) Lane estimated Plaintiff could walk on an occasional basis. (*Id.*) The ALJ found that Lane's observations were consistent with the record as a whole and were therefore substantial evidence. (*Id.*)

Little weight was assigned to the written statement of Plaintiff's husband, Tony Hilburn. (*Id.*) The ALJ gave little weight to Mr. Hilburn's opinion because he is not an acceptable medical source and because of his relationship with Plaintiff. (*Id.*) Further, Hilburn's testimony that he had to take approximately five weeks off work to care for Plaintiff after her slip and fall accident was of little value because Plaintiff's case did not turn on the extent of her limitations immediately following her accident. (*Id.*)

The ALJ gave very little weight to a statement by Misty Lopez because the statement appeared to be nothing more than a relaying of Brandon Lane's observations to Plaintiff. (*Id.*) Little weight was also given to the opinions of Dr. Collen Ryan and Sheri Tomak, PsyD, because

5

neither provided any function-by-function assessment of Plaintiff's abilities and neither provided analysis of how they reached their conclusions that Plaintiff could not be found disabled. (Tr. 35.)

The ALJ gave good reasons for the weight she assigned the seven opinions she considered. The ALJ gave greater weight to the opinions of acceptable medical sources and to observations and opinions that were consistent with the record as a whole. Less weight was given to the opinions of those who are not acceptable medical sources and who render opinions without sufficient reasoning. Because the ALJ's weighing and credibility determinations were based on good reasons and substantial evidence, this Court may not reweigh the evidence considered by the ALJ. *Peterson v. Colvin*, 2013 WL 6237868, at *4 (W.D. Mo. Dec. 3, 2013) (quoting *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir.2007)).

Plaintiff raises the point that she has a strong work history, and that individual's with strong work histories are entitled to substantial credibility when claiming an inability to work because of a disability. *Nunn v. Heckler*, 732 F.2d 645, 648 (8th Cir. 1984); (Doc. 5, 16.) Plaintiff argues that if her testimony had been credited that there are two days a week where she is unable to perform her usual activities and that she would frequently miss work and be off task because of her impairments, she would have been found disabled because the vocational expert testified that missing more than one day per month of work would make employment unsustainable. (*Id.* at 17.); (Tr. 68.) However, Plaintiff's testimony appears without support in the medical records. Plaintiff is entitled to substantial credibility because of her work history, but the ALJ did not err by declining to credit testimony inconsistent with the rest of the record. *See Nunn*, 732 F.2d at 649 (implying that ALJ may decline to credit testimony of a claimant with a strong work history if there is a proper basis in the record for doing so).

Plaintiff argues the ALJ's decision is unsupported by the evidence. (Doc. 5, 14.) This court's review is limited to determining if substantial evidence exists to support the ALJ's decision. That standard does not require that there must be substantial evidence which "precisely supports each component of the RFC. While 'a claimant's RFC is a medical question, ... in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively.'" *Peterson*, 2013 WL 6237868, at *4. Ultimately, the RFC determination may take into account both medical evidence and lay testimony.

Substantial evidence supports the ALJ's conclusion that Plaintiff faces limitations but is able to work fulltime as a customer complaint clerk. The ALJ's conclusion is supported by the

objective medical facts, by the opinions of her treating physicians, and by her descriptions of what the Plaintiff is able to do in her day-to-day life.  The RFC rendered by the ALJ is consistent with this conclusion.  Therefore, the ALJ's RFC determination is supported by substantial evidence.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

**IT IS THEREFORE ORDERED** that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED:  October 28, 2020